```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANCES ROGERS, | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 12-7910 (JBS/KMW) |
| v. | |
| BRAD A. MORRICE, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

Plaintiff Frances Rogers, representing herself, has filed a motion to reopen her case as well as an application to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915. [Docket Items 4 & 5.] This action alleges that Plaintiff and her late husband, Thomas Rogers, were victims of a fraudulent foreclosure on their New Jersey residence. [Compl. ¶ 1.] The Court finds as follows:

1. Plaintiff's initial application to proceed <u>in forma pauperis</u> was denied without prejudice for failure to complete the application in its entirety, and the Court administratively terminated the case. [Docket Item 3.] Plaintiff submitted a complete application on January 14, 2013 [Docket Item 4], and filed a motion to reopen the case. [Docket Item 5.]

2. Because the Plaintiff's application discloses that she is indigent, the Court will permit the complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915, and order the

Clerk of Court to reopen the case and file the Complaint.

3. Section 1915(e)(2)(B) requires the Court to screen the complaint and dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In her Complaint, Plaintiff alleges that the Defendants orchestrated a "deliberate racketeering mortgage related scheme to illegal [sic] foreclose on the complainant and other U.S. homeowners . . . ." [Id. ¶ 2.] Plaintiff alleges that the conduct of the Defendants "contribut[ed] to the death" of her husband, who had a heart condition. [Id. ¶ 1.]

4. Plaintiff's Complaint is voluminous. It is 217 pages long and includes 377 numbered paragraphs and 438 footnotes. In addition, Plaintiff references and attaches 195 pages of exhibits. Plaintiff alleges federal and state RICO claims, fraudulent concealment, aiding and abetting, reckless manslaughter, theft, fraud and negligence against 29 named Defendants.[1] The factual allegations are set forth in 135 pages

---

[1] The Defendants are: Brad A. Morrice; Goldman Sachs Group, Inc.; Goldman, Sachs & Co., Inc.; GS Mortgage Securities Corp.; Goldman Sachs Mortgage Co.; GSAMP TRUST 2007-NCI; Wells Fargo & Co.; Wells Fargo Bank, N.A.; Deutsche Bank; Deutche Bank National Bank Trust Co.; Litton Loan Servicing LP; Merscorp Holding Inc.; Mortgage Electronic Registration System, Inc.; Phelan Hallinan & Schmieg, PC; Phelan Hallinan & Schmieg, LLP; Lawrence Phelan; Francis Hallinan; Daniel Schmeig; Rosemarie Diamond; Judith T. Roman; Brian Yoder; Brian Blake; Thomas M. Brodowski; Vladimir Palma; Sharon L. McMahon; Bank of America Corp.; Bank of America, N.A.; Ocwen Financial Corp., and Ocwen Loan Servicing LLC.

and the claims for relief add another 43 pages. In all, Plaintiff has submitted more than 400 pages of material.

5. The Federal Rules of Civil Procedure dictate that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of the complain is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must plead factual content that states a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

6. Courts in this District have dismissed without prejudice far shorter complaints because they did not comply with the "short and plain statement" requirement of Rule 8(a). See, e.g., Melleady v. Blake, No. 11-1807, 2011 WL 6303245, at *9-*10 (D.N.J. Dec. 15, 2011) (dismissing a 100-page complaint for failure to comply with Rule 8(a)); Venezia v. Union Cnty. Prosecutor's Office, No. 10-6692, 2011 WL 2148818, at *1 (D.N.J. May 31, 2011) (dismissing a 55-page complaint, with 200 pages of exhibits, for failing to comply with Rules 8(a), 8(d) and 10(b)); Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 622 n.15 (D.N.J. 2008) (recounting the dismissal of a 110-page complaint

in discussing the case's procedural history).

7. Although the Complaint uses plain language, and Plaintiff provides a Table of Contents and separately lists each cause of action, the Complaint's thicket of background detail and evidentiary matter makes this "a case where 'length and complexity may doom a complaint by obfuscating the claim's essence.'" Glenn v. Hayman, No. 07-112, 2007 WL 894213, at *2 (D.N.J. Mar. 21, 2007) (quoting Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)). The Court will dismiss Plaintiff's overlong Complaint without prejudice and administratively terminate the case, subject to reopening upon Plaintiff's filing of an Amended Complaint that complies with Rule 8(a) and 8(d), Fed. R. Civ. P., within 30 days of the date of entry of this Opinion and Order. Failure to replead claims in compliance with Rule 8 will result in the dismissal of those claims with prejudice.

8. Invoking Rule 8 in this case will facilitate prudent case management and enable the parties and the Court to focus on the specific claims of wrongdoing against each Defendant and the underlying factual assertions that create a plausible claim for relief.

9. As Plaintiff is aware, Rule 9(b), Fed. R. Civ. P., requires that all circumstances constituting fraud or mistake must be stated with particularity. See Compl. ¶ 283 (citing Rule

9(b)). At the same time, the Third Circuit recognizes that "the particularity demands of pleading fraud under Rule 9(b) in no way negate the commands of Rule 8." In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996). Plaintiff's Amended Complaint, should she choose to file one, must comply with all relevant Federal Rules of Civil Procedure.

    10. A few of Plaintiff's claims are obviously improper on their face because they are brought under criminal statutes that do not provide for civil remedies. These claims will be dismissed with prejudice and should not appear in any Amended Complaint. Plaintiff's "Count Three: Aiding and Abetting" does not invoke a civil cause of action, but rather references part of New Jersey's criminal code that creates criminal liability for conduct of another. Likewise, "Count Five," which accuses defendants of manslaughter under N.J. Stat. Ann. 2C:11-4, and "Count Eight," which accuses defendants of theft under N.J. Stat. Ann. 2C:20-3, are not civil causes of action. Counts Three, Five and Eight of the Complaint will be dismissed with prejudice.

    11. An accompanying Order will be entered.

**January 28, 2013**                   **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                             Chief U.S. District Judge