IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCES ROGERS, | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 12-7910 (JBS/KMW) |
| v. | |
| BRAD A. MORRICE, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

Plaintiff Frances Rogers, representing herself and proceeding in forma pauperis, brings this sprawling lawsuit, which, at various iterations, has alleged more than 30 counts against scores of defendants.[1] In brief, Plaintiff alleges that she and her late husband, Thomas Rogers, were victims of fraud related to a foreclosure on their New Jersey residence. At present, the Court is in the process of screening the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), which dictates that the Court dismiss any claim filed in forma pauperis that is frivolous or malicious, or fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. For the reasons explained below, Plaintiff's complaint will be dismissed in its entirety.

---

[1] The facts of the case were summarized in Rogers v. Morrice, No. 12-7910, 2013 WL 1750004, at *2 (D.N.J. Apr. 23, 2013) ("Rogers II"), and will not be repeated here.

1. On January 29, 2013, the Court granted Plaintiff's petition to proceed in forma pauperis in this matter but ordered Plaintiff to refile her Complaint in accordance with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a), because Plaintiff's original Complaint was more than 400 pages long, inclusive of exhibits. [Docket Item 6 at 1-4.] At the same time, the Court dismissed three counts (theft, manslaughter and "Aiding and Abetting") because those counts referenced parts of New Jersey's criminal code that did not provide for civil remedies. [Id.] See Rogers v. Morrice, No. 12-7910, 2013 WL 356196 (D.N.J. Jan. 29, 2013) ("Rogers I").

2. Plaintiff refiled her Complaint [Docket Item 8], and immediately brought a motion to amend [Docket Item 9]. Although the Court had not completed its § 1915 screening of the Complaint, and although the motion to amend was procedurally unusual, the Court granted the motion to amend and continued to screen that Amended Complaint. The Court carefully analyzed Plaintiff's Amended Complaint, which numbered more than 100 pages and which was accompanied by nearly 300 individual exhibits totaling more than 1,000 pages, and dismissed several claims that lacked merit and terminated parties against whom Plaintiff failed to state a claim. Rogers II, 2013 WL 1750004, at *1-*6. The Court, for the second time, advised Plaintiff that she had not complied with Rules 8(a) and 9(b) of the Federal Rules of Civil

Procedure, noting that Plaintiff's method of incorporating the entirety of the Complaint in each individual count "makes it difficult for the Court, and for potential Defendants, to identify exactly what wrongdoing has been alleged against each Defendant in a manner causing Plaintiff's financial harm." Id. at *7. The Court dismissed the remaining claims without prejudice and "offer[ed] to Plaintiff a final opportunity to file a Second Amended Complaint consistent with this Opinion." Id. The Court recited the elements of RICO claims and conspiracy and advised that any amended complaint must comply with Rule 8(a) and "must include _particular_ allegations of conduct constituting fraud for _each_ named Defendant, as required by Fed. R. Civ. P. 9(b) and discussed above." Id. (emphasis in original). The Court warned that "[f]ailure to amend the pleadings accordingly will result in dismissal of claims _with_ _prejudice_." Id. (emphasis added).

3. Plaintiff twice requested additional time to clarify her claims. [Docket Items 14 & 16.] The Court granted Plaintiff's first request in full and her second request in part, ultimately granting Plaintiff two months in which to clarify her complaint. [Docket Items 15 & 17.] The Court again warned that failure to comply with the Court's orders would result in dismissal of her claims. [Id.]

4. Plaintiff eventually filed a Third Amended Complaint, naming 44 Defendants, only 15 of whom had been named in the

3

original Complaint. [Docket Item 18.] The Third Amended Complaint was longer than the previous Amended Complaint, at 133 pages, and again contained extraneous general details about, and indictments of, the mortgage industry. As before, Plaintiff filed a motion to amend the Third Amended Complaint before the Court had screened it. [Docket Item 19.] The proposed Fourth Amended Complaint[2] was longer still, at 192 pages, exclusive of exhibits, including allegations that Defendants were holding her in "Debt Slavery" in violation of her 13th Amendment Rights and that "Defendant's [sic] are engaging in Piracy Financial -- Paper Terrorism." [Docket Item 19 at 94-95.] Plaintiff pleads that she is

> an external whistleblower and has endured terror, psychological, emotional, mental, and psychological trauma as a result of the Defendants' use of fraud and financial weapons of mass destruction to coerce the Plaintiff, and similarly situated homeowners, to pay an unlawful debt and illegally foreclose without the original blue ink signature promissory and mortgage note have been destroyed or lost, lacked the proper chains of endorsement.

[Docket Item 19-1 at 4.] She also repeats the following paragraph (or a nearly identical variation) in most of her 30 individual counts:

> The Defendants unlawful activity are dangerous to human life and a violation of the criminal laws of the United States, and the State of New Jersey, and appear to be intended to intimidate or coerce a civilian population, and the U.S., the 50 States, and the District of Columbia by intimidation or coercion, influencing the governments'

---

[2] Plaintiff continues to label this the "3rd Amended Complaint."

>   policies, of which includes defrauding the U.S. taxpayers of $700 Billion+ in the form of 2008's TARP funds. The Defendant's use of the Mail and Wire are affecting interstate commerce. The Defendant's unlawful conduct contributed to the death of Thomas Rogers, and is the proximate cause of the Plaintiff's injuries of which includes monies lost paying a fraud in factum 2006 ARM agreement lacking the presumed lender -- mortgagee's consideration, underlined by LIBOR manipulation throughout 2000-2010, negatively impacting the Plaintiff's credit profile, subjecting the Plaintiff to multiple claims, denying the Plaintiff's ownership rights pursuant to tenancy in entirety, destroying ion the Plaintiff's chain of title and its marketability, maliciously prosecuting the Plaintiff using a fraudulent and forged mortgage assignment bearing a fictitious notary attestation and the Plaintiff and the late Thomas Rogers personal identifying information, absent the 2006 promissory note with the proper chain of title indorsements, in an attempt to deceive the Equity Division of the Superior Court of New Jersey and Sheriff into removing the Plaintiff, subjecting the Plaintiff to usury in violation of her 1st Amendment rights, and subjecting the Plaintiff to peonage -- debt slavery in violation of her 13th Amendment rights.

(Fourth Am. Compl. ¶ 338; see also id. ¶¶ 344, 351, 355, 360, 363, 366, 374, 376, 380, 382, 387, 396, 400, 403, 406, 409, 412, 417 & 427).

5. Plaintiff then filed a new wave of motions, including a motion to further amend Count 1 and Count 7 of the Fourth Amended Complaint [Docket Item 22], and a "Motion to Dismiss count fifth-teen [sic]" and a "Motion for Reconsideration," all of which are procedurally inappropriate at this stage [Docket Item 21]. Plaintiff also filed a brief in support of a motion for recusal pursuant to 28 U.S.C. § 455 [Docket Item 23] and a brief in support of a motion to change venue pursuant to 28 U.S.C. § 1404

[Docket Item 24]. The Court reiterates that no Defendants have been served at this point, and the Court has not directed the Clerk of Court to file the Fourth (or Fifth) Amended Complaint, as the Court has not completed its § 1915 screening of this Complaint.

6. First, the Court will consider Plaintiff's motion for recusal, pursuant to 28 U.S.C. § 455. [Docket Item 23.] A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and in such instances where the judge has bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts, among other reasons. § 455(a)-(b). Much of the motion, in substance, is a motion for reconsideration, highlighting legal authority and evidence that the Court overlooked in its previous opinions. At this stage, the Court only will note that Plaintiff appears to be confused at the procedural posture of this case. The Court's failure to discuss a specific claim or assertion in the Complaint upon a § 1915 screening does not mean that the Court believes the claim or the assertion is without merit. Exactly the opposite is true. At the screening stage, the Court highlights only those claims which are frivolous or malicious, or which do not state a claim as a matter of law.

7. Plaintiff does make three main recusal arguments. First, Plaintiff alleges that the undersigned likewise is a victim of

mortgage fraud, which the undersigned politely disputes. Next, Plaintiff alleges that the undersigned is "impartial as it pertains to shielding attorneys engaged in foreclosure litigation and debt collection," which is as it should be, and impartiality is not a grounds for recusal. Finally, Plaintiff, at length, details alleged legal errors the Court made, but such charges are not grounds for recusal. Legal errors may be raised upon appeal of a final order to the U.S. Court of Appeals for the Third Circuit. Plaintiff has not made any valid arguments for the undersigned's recusal in this case. Therefore, the motion is denied.

8. As for the substance of Plaintiff's amended complaint, the pleadings are moving in the wrong direction. Plaintiff describes her the Fourth Amended Complaint as "192 pages, and an additional 66 pages by way of the Motion for Reconsideration." [Docket Item 23 ¶ 25.] The Fourth Amended Complaint continues to reference more than 300 exhibits, which total more than 1,000 pages. The amount of material Plaintiff submits as part of her Fourth Amended Complaint is, in this case, improper. Plaintiffs are not permitted "to incorporate an endless series of external documents into a complaint simply 'by reference' to them, as this would lead to an impossible task for defendants in filing their answers, and for courts in reviewing the sufficiency of complaints." <u>In re Schering Plough Corp. Intron/Temodar Consumer</u>

7

Class Action, 678 F.3d 235, 251 (3d Cir. 2012).

9. The rule against prolix pleadings that attach by reference numerous documents also benefits plaintiffs. For example, if this Court were to allow the Fourth Amended Complaint to proceed in its full 1,200 pages, the Plaintiff would personally be responsible to furnish more than 52,800 pages of copies (44 defendants @ 1,200 pages each) for service of process, at her own expense. The privilege of filing a complaint in forma pauperis under 28 U.S.C. § 1915 relieves the plaintiff from paying only the filing fee but does not relieve the plaintiff from the costs of providing copies of all pleadings for service on each defendant.

10. Plaintiff simply has not complied with the pleading requirements of the Federal Rules of Civil Procedure and with the Court's Orders and has not succeeded in clarifying her claims. Unfortunately, the Court is no closer today than it was nine months ago to understanding what particular allegations of conduct constituting fraud or conspiracy Plaintiff makes against each of the named Defendants. Plaintiff has not made a short, plain statement of the grounds for the relief she seeks from each of the named Defendants, nor how each Defendant's conduct has caused injury to her. These are fundamental requirements of Rule 8(a), Fed. R. Civ. P., before any defendant can be required to answer a complaint. She continues to plead that the Defendants'

actions contributed to her husband's death, despite this Court's dismissal of her "Common Law Gross Reckless Manslaughter" claim. Rogers II, 2013 WL 1750004, at *4. The claims which are not obviously frivolous remain incomprehensible or hidden from the Court amid the increasingly voluminous pleadings, which at various points touch on patent law, piracy, the free exercise of religion, Ponzi schemes, drug cartels and other topics. Plaintiff continues to point to news articles, public testimony not related to her mortgage, and other lawsuits against mortgage industry players to argue that she is entitled to relief. Many of Plaintiff's allegations are conclusory statements and particularized allegations against individual Defendants remain elusive. When Plaintiff finally speaks of facts related to the signing of her mortgage, she describes the only other person present as "John Doe," rather than any of the dozens of named Defendants. As Plaintiff recognizes in her motion for recusal, her complaint is full of statistics and legal citations in support of her claim, most of which have no place in her complaint and need not be submitted to the Court at this time.

 11. The Court has provided Plaintiff several chances to comply with its Orders and to provide the Court with a short, plain statement of her allegations, as required by Rule 8(a), Fed. R. Civ. P., and the Court has provided Plaintiff extra time in which to comply. Instead of clarifying and simplifying her

claim that her mortgage was fraudulently foreclosed and the particular basis of the fraud as required by Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, Plaintiff has only added to the incomprehensibility, prolixity and generalized garble of her pleadings.

12. Plaintiff's Fourth Amended Complaint is too long and anything but a plain statement of the grounds which entitle her to relief. Possibly meritorious claims, if they exist, are buried within the thicket of extraneous allegations and factual background. Although the Court is inclined to dismiss without prejudice, such an order would lead only to a repeat of this exercise in a few weeks' time. In light of Plaintiff's repeated failure to cure the deficiencies noted in the Court's previous Opinions and Orders, despite the Court's warnings of dismissal with prejudice, and because Plaintiff appears unwilling to amend her pleadings in accordance with the Federal Rules of Civil Procedure or this Court's Orders, the Court will dismiss the complaint with prejudice, pursuant to 28 U.S.C. § 1915(e), as well as Fed. R. Civ. P. 8(a), 9(b), 16(f)(1)(C) and 37(b)(2)(A)(v). See Rhett v. New Jersey State Superior Court, 260 F. App'x 513, 515 (3d Cir. 2008) (affirming the district court's dismissal with prejudice of a second amended complaint for failure to comply with Rule 8(a)); Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007) ("While a Rule 8 dismissal is often

without prejudice . . . , a dismissal with prejudice was warranted in this case" where the complaint and appendices totaled 550 pages); Yoder v. Wells Fargo Home Mortg., No. 11-7503, 2012 WL 6562837, at *2-*3 (E.D. Pa. Dec. 17, 2012) (dismissing with prejudice a complaint that did not satisfy Rule 8(a) and which lacked factual specificity); cf. Holmes v. Gates, 403 F. App'x 670, 673-74 (3d Cir. 2010) (affirming the district court's dismissal of a complaint with prejudice after the plaintiff was given three opportunities to cure deficiencies in her complaint); Hoffenberg v. Bumb, 446 F. App'x 394, 399 (3d Cir. 2011) (affirming dismissal of a fourth amended complaint after the plaintiff's "inexplicable failure to plead in conformity with the rules, despite four chances to amend . . . .").

    13. This Court is not empowered to hear Plaintiff's generalized grievances against the American financial industry at large. It has the authority and duty to decide actual cases and controversies between a plaintiff and one or more defendants who are alleged to be liable for harm suffered by the plaintiff under some recognized cause of action arising under state or federal law. While the Court must construe pro se pleadings liberally, pro se litigants "are not free to ignore the Federal Rules of Civil Procedure." Yoder, 2012 WL 6562837, at *2 n.4. Plaintiff's failures and refusals to conform with the Federal Rules obscures

the substance of her claims.

    14. An accompanying Order will be entered.

 **October 16, 2013**           **s/ Jerome B. Simandle**
Date                      JEROME B. SIMANDLE
                            Chief U.S. District Judge